UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60748-CIV-MARRA/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY C. BAIN a/k/a
ANTHONY BAIN

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff United States' Motion for Summary Judgment [DE 10], filed September 6, 2006.  Defendant Anthony Bain has not filed a response.  The Court has reviewed the motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.  Background

On May 26, 2006, the United States filed a Complaint against Defendant Anthony Bain ("Defendant" or "Bain") asserting a claim pursuant to 28 U.S.C. § 1345 to recover unpaid student loan funds [DE 1].  On June 28, 2006, Defendant Bain filed an answer to the Complaint [DE 6].  In the answer, Bain states he attended the Maryland Institute of Technology for less than a month when the school closed, and that he did not receive any notification concerning the repayment of this loan until this lawsuit was filed.

On September 6, 2006, the United States filed the instant Motion for Summary Judgment [DE 10].  On September 11, 2006, this Court entered an Order advising Bain of the pendency of

the Motion for Summary Judgment [DE 11].  A review of the record indicates that Bain has not responded to the motion or the Court's Order.

## II. Legal Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead

must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

Actions to enforce promissory notes are suitable classes of cases for disposition by summary judgment.  Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325; Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973).[1]

### III.  Discussion

In its Motion for Summary Judgment, the United States moves for judgment as a matter of law on its claim for recovery of unpaid student loan funds.  In support, the United States has submitted to the Court its Statement of Material Facts.  Pursuant to Rule 7.5 of the Local Rules of the Southern District of Florida, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement, if and only to the extent supported by specific references to pleadings, depositions,

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

answers to interrogatories, admissions, and affidavits on file with the Court." S.D. Fla. L.R. 7.5. Because the Statement of Facts was not controverted by Bain and they are supported by record evidence, the facts are deemed admitted by Bain.

The admitted facts are as follows: Bain secured student loans in the amount of $2,625 and $2,475.00 from Independent Federal Savings Bank to attend Maryland Institute of Technology. (Statement of Facts ¶ 1.) The Notes bore interest at 8% annual interest and at a variable interest rate per annum and was repayable in installments beginning August 22, 1989, after Bain ceased to be a half-time student. (Statement of Facts ¶ ¶ 2, 4.)

Bain's loans were Guaranteed Student Loans granted by the Higher Education Assistance Foundation (HEAF), pursuant to Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. and were insured or reinsured by the United States. (Statement of Facts ¶ 3.) On or about July 20, 1990 and December 31, 1990, Independent Federal Savings Bank assigned the Notes to HEAF, which capitalized the outstanding interest, increasing the principal balance to $5,685.87. (Statement of Facts ¶ 5.) HEAF applied credits in the amount of $0.00. (Statement of Facts ¶ 6.) Bain failed to make payment and the Notes were assigned to the United States Department of Education. (Statement of Facts ¶ 7.)

No payments were made to the Department of Education. (Statement of Facts ¶ 8.) Bain's total balance of the Note as of August 23, 2006 is $12,697.15 ($5,685.87 in principal and $7,011.28 in interest). (Alberto Francisco Decl. ¶ 12, August 23, 2006, Ex. A, attached to Def. Mot. for Summ. J.) [2]

---

[2] The United States asserts that, as of September 5, 2006, Bain owes a total of $12,788.09 ($5,685.87 in principal, $7,011.28 in interest, $90.94 in administrative fees, plus additional interest at the rate of 7.510% per annum and 8% per annum to the date of judgment). (Statement

Based upon the admitted facts and since there is no genuine issue of material fact or applicable legal defense, the Court concludes that the United States is entitled to summary judgment in its favor.

---

of Facts ¶ 9.) This assertion, however, is not supported by record evidence as required under Rule 7.5 of the Local Rules of the Southern District of Florida. The declaration of Alberto Francisco submitted by the United States in support of its motion provides a past due amount as of August 23, 2006. There is nothing of record to demonstrate to the Court how the calculations were made to increase the amount due between August 23, 2006 to September 5, 2006, or more importantly, to the date of judgment. Since the United States would be entitled to the larger amount if it is supported by evidence, the Court will grant the United States additional time to provide the Court with record evidence to support its claim.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)   The United States's Motion for Summary Judgment [DE 10] is **GRANTED**.

2)   The United States is granted **ten days from the date of entry of this Order** to supply the Court with relevant evidence in support of the present amount owed by Bain to the United States.  If no evidence is supplied, the Court will issue a judgment consistent with the record evidence supplied by the United States in its motion for summary judgment.

3)   The Court will enter judgment for the United States by separate Order once the ten days has passed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of November 2006.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Anthony Bain, pro se
731 NW 5th Court
Hallandale, FL 33009

All counsel of record